UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Crim. No. 3:20-cr-00009-GFVT |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| JOHN AFFOURTIT, | ) ) | **&** **ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on Mr. Affourtit's reported probation violations. [Probation Violation Report.] Mr. Affourtit pled guilty to one count of discharging a harmful quantity of oil into a US water in violation of 33 U.S.C. § 1321(b)(3). [R. 28.] The Court sentenced him to a $5,500 fine and three years of probation, beginning with six months of home detention, followed by six weekends of intermittent confinement. [R. 40.] The United States Probation Office alleges that Mr. Affourtit violated the conditions of his probation by (1) committing two state crimes and (2) failing to notify the USPO that he was arrested. [Report at 1-2.] The USPO seeks revocation of Mr. Affourtit's term of probation. [R. 46.] Mr. Affourtit appeared before Magistrate Judge Stinnett for an initial hearing, then the undersigned conducted a final revocation hearing. [R. 48; R. 52.] The Court took the matter under advisement. [R. 52.] Having reviewed the violation report and the evidence presented at the final hearing, the Court finds that Mr. Affourtit violated his probation and revocation is appropriate.

**I**

Mr. Affourtit's term of probation began on March 4, 2022. [Report at 1.] He satisfied the condition that he complete six months of home incarceration without issue. Mr. Affourtit attempted to comply with the condition that he complete six weekends of intermittent

confinement by reporting to the Boone County Detention Center on the date his weekend confinements were scheduled to commence. *Id.* at 2. The BCDC turned him away because it had not received necessary paperwork from the Bureau of Prisons. *Id.* This requirement remains outstanding, but the Government does not allege that Mr. Affourtit is to blame. [*See* Tr. at 81-82.][1]

The USPO alleges that Mr. Affourtit violated two conditions of his term of probation. [Report at 1-2.] These violations arise from an incident on January 6, 2023, when an Officer of the Shelby County Sheriff's Office arrested Mr. Affourtit and charged him with Second Degree Unlawful Imprisonment and Fourth Degree Assault. *Id.* at 1. The state citation explains that Mr. Affourtit "was involved in a physical domestic with his wife." *Id.* at 6. Mr. Affourtit was attempting to "force an unwanted conversation" on his wife, who was trying to leave. *Id.* He "trapped [her] in their attic and forcibly impeded her from leaving," pushed her into the attic "multiple times," and pushed her "to the ground" twice. *Id.* She was eventually able to leave the attic and discovered that Mr. Affourtit had taken her "cell phone and all of the keys to the vehicles, including the golf cart to impede the victim from calling for help." *Id.* The USPO indicates that Mr. Affourtit "has not made any contact with the undersigned officer to report" this arrest. *Id.* at 2.

On February 2, 2023, Mr. Affourtit appeared before Judge Stinnett for his initial appearance pursuant to Federal Rule of Criminal Procedure 32.1. [R. 48.] Mr. Affourtit did not request release pending his final revocation hearing. *Id.* Based on the heavy burden under 18 U.S.C. § 3143(a), Judge Stinnett remanded Mr. Affourtit to the custody of the United States Marshal. *Id.* On February 14, 2023, Mr. Affourtit appeared before the undersigned for his final

---

[1] The Court's citations to the transcript of the Final Revocation Hearing are to a rough draft of the transcript. A final version of the transcript will be filed in the record.

2

hearing. [R. 52.] He contested the violations. *Id.* The Government elicited testimony from two witnesses and admitted three videos of body camera footage from the date of the incident. [R. 53.] The parties then presented argument on the violations. [R. 52.] The Court also heard argument on the appropriate sentence and allowed Mr. Affourtit to allocute. *Id.* The Court took the matter under advisement. *Id.*

## II

### A

The Government must prove that the Defendant violated his probation by a preponderance of the evidence for the Court to find him guilty of the violation. *United States v. Bujak*, 347 F.3d 607, 609 (6th Cir. 2003). The USPO first alleges that Mr. Affourtit violated his probation by committing another local, state, or federal crime. [Report at 1.] His state charges are for Second Degree Unlawful Imprisonment and Fourth Degree Assault. *Id.* The Government established by a preponderance of the evidence that Mr. Affourtit committed both offenses.

"A person is guilty of unlawful imprisonment in the second degree when he knowingly and unlawfully restrains another person." Ky. Rev. Stat. § 509.030(1). Mr. Affourtit admitted that he detained Ms. Ward in the attic and took her keys. [Tr. at 48 ("I just trapped her in a room."), 49-50.] He "knowingly and unlawfully restrained" Ms. Ward by preventing her from leaving the attic when she repeatedly attempted to leave. *Id.* Further, he used force to do so. *Id.* at 30-31. Mr. Affourtit claims that he took the keys, preventing her from leaving the property, for her well-being. *Id.* at 48. This is inapposite. As Officer Harr advised him, "she's grown woman[,] you're [a] grown man[,] you can't hold somebody against their will." *Id.* at 42.

Mr. Affourtit also relies on the fact that the officer who responded to the incident considered not arresting Mr. Affourtit. *Id.* at 77-78. He states that Officer Harr "based on his

training [and] his experience" initially decided that arresting Mr. Affourit "wouldn't be a good idea." *Id.* at 77. That Officer Harr did not originally intend to arrest Mr. Affourtit does not show that he did not commit the offenses with which he was charged. Officers are not required to arrest every person who they have probable cause to believe committed a crime. Officer Harr believed that "Mr. Affourtit's actions met the elements for the charges that [he] filed against him." *Id.* at 69. Based on Ms. Ward and Mr. Affourtit's statements on the day of the incident, the Court agrees.

The Government also proved by a preponderance that Mr. Affourtit assaulted Ms. Ward in the fourth degree. A person commits fourth degree assault by "intentionally or wantonly caus[ing] physical injury to another person" or recklessly causing physical injury "by means of a deadly weapon or a dangerous instrument." Ky. Rev. Stat. § 508.030(1). Ms. Ward states that Mr. Affourtit "shoved [her] and [pushed her] on the ground" and that he "threw [her] back against the wall [and she] hit [her] head." [Tr. at 30-31.] When Officer Harr asked if there was visible injury, she stated there was a scratch on her arm and again emphasized that she hit her head. *Id* at 35. Ms. Ward also stated on a voicemail she left with Officer Daniel that "he did hurt me." *Id.* at 8. Based on Ms. Ward's statements, which this Court finds and Officer Harr found credible, Mr. Affourtit intentionally physically injured her by pushing and shoving her while unlawfully restraining her.

Finally, the Government established that Mr. Affourtit violated his probation by not notifying his probation officer of the arrest. Officer Daniel testified that Mr. Affourtit never informed him of the arrest. *Id.* at 9. Mr. Affourtit admitted this violation but argued that it was satisfied in effect because his wife called Officer Daniel the day after the arrest. *Id.* at 90 ("I don't have any excuse for not contacting my probation officer. I guess I really believed it was

4

satisfied, but that's a complete mistake on my part."). His wife's phone call is insufficient because the condition specifically states "[i]f you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours." [R. 40 at 3.] "You" clearly refers to the defendant, so this condition required Mr. Affourtit himself to notify the probation officer about the arrest. The purpose of this condition goes beyond mere notice. Requiring probationers to inform their supervising officer of an arrest or questioning encourages honesty and candidness. Mr. Affourtit violated this condition by not informing Officer Daniel of his arrest.

## B

Having determined that Mr. Affourtit committed two violations of his probation, the Court turns to the appropriate sentence. 18 U.S.C. § 3565(a) governs the Court's options when a defendant violates a condition of probation. Upon consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court may continue the defendant on probation or revoke probation and resentence the defendant. Revocation primarily sanctions the defendant for breaching the Court's trust. U.S.S.G. §7A(3)(b).

First, the nature and circumstances of the offense and the history and characteristics of the defendant support revocation. 18 U.S.C. § 3553(a)(1). The nature and circumstances of the offense are serious. Mr. Affourtit subjected his wife of six years to domestic abuse by restricting her movement, at times by use of physical force, to make her engage in a conversation when she was clearly attempting to leave. This is a serious offense with a directly affected victim. Ms. Ward's immediate reaction, recorded by Officer Harr's body camera, is evidence of the severity of the conduct. She was clearly upset and fearful of Mr. Affourtit directly after the incident. *Id.* Her reaction helps establish the serious nature of the offense.

The Defendant's history and characteristics do not generally weigh in favor of revocation. Mr. Affourtit has no criminal history beyond a traffic ticket and the Clean Water Act offense underlying his term of probation. [Pre-Sentence Report at 6.] But he has consistently shown one concerning characteristic. The Court recognized at sentencing that to move forward from this offense, Mr. Affourtit needed to take responsibility for his conduct rather than mitigating, justifying, and explaining his conduct. This trend continued before the law enforcement officers who responded to the incident. [*See* Gov. Ex. A; Tr. at 39-48 (Gov. Ex. C).] He regularly made excuses for his conduct, minimized the event, placed blame elsewhere, and generally failed to take responsibility. *See id.* When allocuting before the Court, he recognized his failure to report the arrest but explained that he "believed [the reporting requirement] was satisfied." [Tr. at 90.] The Court observes a concerning inability to take responsibility for criminal conduct, which weighs in favor of revocation. *See United States v. Russ*, 600 Fed. App'x 438, 447 (6th Cir. 2015) ("[I]t was not improper to consider, among the other factors relevant to his history and characteristics, that [the defendant] had demonstrated a lack of insight into his actions and a failure to take responsibility for his conduct.").

Next, the Court considers whether the sentence achieves various goals. 18 U.S.C. § 3553(a)(2). Revocation best achieves these goals. Only revocation reflects the seriousness of the conduct. Domestic abuse is sufficiently serious to warrant revocation. *See United States v. Pease*, 2016 WL 7109108, at *3 (E.D. Ky. Nov. 14, 2016). Permitting Mr. Affourtit to continue on probation would not promote respect for the law or justly punish the offense. 18 U.S.C. § 3553(a)(2)(A). Revocation will also serve to deter Mr. Affourtit from future criminal conduct. *Id.*

The third, fourth, and fifth factors are intertwined, requiring the Court to consider the

6

kinds of available sentences, the sentencing range, and any pertinent policy statement.  18 U.S.C. § 3553(A)(3)-(5).  Both violations are Grade C violations.  [Report at 1-2.]  U.S.S.G. § 7B1.3(a)(2) allows the Court to revoke probation or extend the term upon finding a Grade C violation.  The term of imprisonment is established by § 7B1.4(a), which provides a three-to-nine month term for a Grade C violation by a defendant with a Criminal History Category of I.  But under § 7B1.3(c)(1), his term may be satisfied by imprisonment or substituting community confinement or home detention.

      A term of imprisonment is appropriate here.  The Court gave Mr. Affourtit leniency once when it sentenced him to probation rather than a term of incarceration.  [R. 40.]  The guidelines range was eight to fourteen months, which could have been satisfied by imprisonment.  [Pre-Sentence Report, as amended by the Court's ruling at R. 40.]  The Court elected to sentence Mr. Affourtit to probation with conditions of home detention and weekend confinement under U.S.S.G. § 5C1.1(c).  [R. 40.]  Having shown Mr. Affourtit leniency once, the Court will not do so again now that he has breached the Court's trust by violating two conditions of his term of probation.

      The guidelines range of imprisonment for these violations is three to nine months.  [Report at 2; U.S.S.G. §7B1.4(a).]  The Court finds mitigating circumstances warranting a downward variance.  Mr. Affourtit's criminal history is negligible, including just a years-old speeding ticket.  [Pre-Sentence Report at 6.]  He also had no compliance issues with his term of probation before this incident.  He completed his term of home detention without issue.  He also attempted to comply with the weekend confinement condition by reporting to the BCDC.  [Report at 2-3.]

      Accordingly, a thirty-day term of imprisonment is sufficient but not greater than

7

necessary to provide just punishment for Mr. Affourtit's probation violations. After that term is completed, Mr. Affourtit will be subject to supervised release for twelve months. The terms of his original term of probation will govern this term of supervised release, with one exception. [R. 40.] His condition that he serve six months of home confinement has been satisfied, so that condition need not be included. However, the condition that he serve six weekends of confinement has no been satisfied, so that condition will remain in force.

### III

Accordingly, after reviewing the portions of the Record pertaining to the present supervised release violations, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Affourtit is found **GUILTY** of Violations #1 and #2 as set forth in the Probation Violation Report;
2. Mr. Affourtit's term of Probation is **REVOKED**;
3. Mr. Affourtit is **SENTENCED** to a term of incarceration of **thirty (30) days**;
4. Upon completion of the term of incarceration, Mr. Affourtit is **SENTENCED** to a term of supervised release of **twelve (12) months** under the conditions previously imposed, except for the condition that he serve six months of home detention;
5. The Clerk of Court is **DIRECTED** to file a transcript of the Final Revocation Hearing into the record; and,
6. Judgment **SHALL** enter promptly.

This the 17th day of February, 2023.

Gregory F. Van Tatenhove
United States District Judge